UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL BAUTISTA,<br><br>                Petitioner,<br><br>        v.<br><br>WARDEN, FCI-MENDOTA,<br><br>                Respondent. | Case No. 1:23-cv-1122 JLT SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE<br><br>(Docs. 10, 18) |

Raul Bautista is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner asserts that he "earned time credits ('ETC') which, under the First Step Act, entitle him to immediate transfer into supervised release or pre-release custody, however, the BOP refuses to enable him to apply his ETC's because he has an immigration detainer…." (Doc. 1 at 6.) Respondent moves to dismiss the petition, arguing Petitioner did not exhaust his administrative remedies and that he is "jurisdictionally and statutorily barred from [First Step Act earned time credit] sentence-offsets due to the final order of removal from another federal court." (Doc. 10 at 1, 3.)

The magistrate judge observed that "[a]ccording to BOP records, Petitioner has been determined ineligible to apply FSA time credits to his sentence, not because of an immigration detainer, but because he is subject to a 'final order of removal.'" (Doc. 18 at 2.) The magistrate

1

judge noted the final order of removal dated November 19, 2019, was filed under seal with the Court. (*Id.*) In addition, the magistrate judge found Petitioner did not exhaust his administrative remedies, and that had he done so "the BOP would have advised him of his immigration status and his ineligibility for application of FTCs pursuant to 18 U.S.C. § 3632(d)(4)(E)(i)." (*Id.* at 4.) Thus, the magistrate judge recommended the petition be dismissed. (*Id.* at 5.)

Petitioner filed objections to the Findings and Recommendations, asserting that he did not see an immigration judge, and only had an "interview" with an Immigration representative who inquired whether Petitioner wanted to "have an expedited removal." (Doc. 20 at 2.) He contends "nothing more than a 'notice' was filed not a 'final order of removal' by an Immigration Judge." (*Id.* at 1.) He asserts that "[e]ven if a final order of removal was filed this would violate Petitioner's due process rights in the immigration process." (*Id.*) Petitioner maintains that "[t]he Petition should not be dismissed and a copy of the actual final order of removal is necessary." (*Id*. at 2.)

Significantly, the record before the Court establishes that Petitioner was the subject of a final removal order dated November 19, 2019. (*See* Doc. 18 at 2; Doc. 23[1].) Despite Petitioner's assertions to the contrary in his objections—which were not made under penalty of perjury— the evidence before the Court established an immigration judge issued the removal order. Regardless, Petitioner does not challenge the finding of the magistrate judge that the Court lacks jurisdiction because Petitioner did not exhaust his administrative remedies.

To the extent Petitioner now asserts that he suffered a due process violation with the removal process, the Court declines to consider his arguments raised for the first time in the objections. *See Syed v. M-I, LLC,* 2014 WL 6685966, at *7 (E.D. Cal. Nov. 26, 2014) ("A district court has discretion to consider or decline new arguments raised for the first time in an objection to a findings and recommendations") (citing *Brown v. Roe*, 279 F.3d 742, 745 (9th Cir. 2002)); *Beckley v. Berryhill*, 2019 WL 521580, at *2 (C.D. Cal. Feb. 8, 2019) (declining to consider an argument raised for the first time in objections to a magistrate judge's recommendation).

---

[1] The Court received a copy of the "Notice and Order of Expedited Removal" with Respondent's request to seal the document on January 25, 2024. (Docs. 14, 15; *see also* Doc. 18 at 2.) However, the sealed document was not docketed until April 12, 2024. (Doc. 23.)

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this case. Having carefully reviewed the entire matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis.

In the event a notice of appeal is filed, a certificate of appealability will not be required because this is an order denying a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, and not a final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. *Forde v. U.S. Parole Commission*, 114 F.3d 878 (9th Cir. 1997); *see also Ojo v. INS*, 106 F.3d 680, 681-682 (5th Cir. 1997); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Accordingly, the Court **ORDERS**:

1. The Findings and Recommendations issued on January 31, 2024 (Doc. 18) are **ADOPTED** in full.
2. Respondent's motion to dismiss (Doc. 10) is **GRANTED**.
3. The petition for writ of habeas corpus is **DISMISSED**.
4. The Clerk of Court is directed to close the case.

In the event a notice of appeal is filed, no certificate of appealability is required.

IT IS SO ORDERED.

Dated:   **April 17, 2024**                                       /s/ Jennifer L. Thurston
                                                                    UNITED STATES DISTRICT JUDGE

3